**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL NO. 3:04CR190**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **THOMAS L. JACOBS** | ) | |
| | ) | |


**THIS MATTER** is before the Court on the Defendant's motion for a stay of sentence pending appeal of his conviction. The motion is denied.


## I. STANDARD

The release of a defendant after conviction but during the pendancy of an appeal is controlled by 18 U.S.C. § 3143(b) which provides in pertinent part:

> [T]he judicial officer *shall* order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds –
>     (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; *and*

> (B) that the appeal is not for the purpose of delay and
> raises a substantial question of law or fact likely to result in –
>> (i) reversal,
>> (ii) an order for a new trial,
>> (iii) a sentence that does not include a term of imprisonment, or
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

**18 U.S.C. § 3143(b) (emphasis added).** "The clear language of th[e] section requires the judicial officer to order the person detained once a finding of guilt has been made. While the section does permit some releases pending appeal, it is obvious from the statute that such releases are to be the exception." ***United States v. Hamrick*, 720 F. Supp. 66, 67 (W.D.N.C. 1989).**

This Defendant is not likely to flee or to pose a danger to any person or the community pending the appeal. However, the undersigned does not find the question of law raised by the appeal is substantially likely to result in reversal or a lesser sentence. A substantial question, for these purposes, is "a 'close' question or one that very well could be decided the other way." ***United States v. Steinhorn*, 927 F.2d 195, 196 (4ᵗʰ Cir. 1991); *Hamrick, supra*, at 68.** Failing any such showing, the undersigned is without any discretion to grant the relief requested.

3

Defendant is advised that he may renew this application before the Fourth Circuit Court of Appeals.  **Fed. R. App. P. 8, 18.**

## II.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion for a stay of sentence pending appeal is hereby **DENIED**.

Signed: August 21, 2006

Lacy H. Thornburg
United States District Judge